FILED
SUPERIOR COURT
OF GUAM

2022 APR -4 PM 4: 21

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                Plaintiff,<br><br>vs.<br><br>BUNDY PAUL BILLYOS,<br>DOB: 07/03/1972<br><br>                                Defendant. | Criminal Case No. CM0049-22<br>GPD Report No: 22-03248<br><br>**DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 22, 2022, for a Competency Hearing. Alternate Public Defender Brycen Breazeale appeared for Bundy Paul Billyos ("Defendant"). Assistant Attorney General Jeremiah Luther appeared for the People of Guam ("People"). Having considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial in Superior Court of Guam Criminal Case No. CM0049-22.**

## BACKGROUND

On February 2, 2022, Defendant was arrested and charged with the following in Superior Court of Guam Criminal Case No. CM0049-22: (1) Assault (As a Misdemeanor); (2)

Violation of a Court Order (As a Misdemeanor); (3) Criminal Trespass (As a Petty Misdemeanor); and (4) Harassment (As a Misdemeanor). Mag. Complaint, Feb. 2, 2022. Police records indicate Defendant entered Denny's—despite being banned from the restaurant—and harassed the customers and staff. *Id.*

On February 12, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Feb. 12, 2022. Pursuant to 9 G.C.A. § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Feb. 16, 2022. On March 10, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Mar. 10, 2022. The Court held a hearing on March 22, 2022, to determine Defendant's competency to stand trial. Minute Entry, Mar, 22, 2022. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

Defendant appeared mentally sound throughout the forensic evaluation. Defendant was oriented to person, place, time, and object in the examination. Forensic Evaluation at 4. Defendant knew why he was taking the forensic evaluation, and his attention and concentration were generally good throughout the assessments, although he did lose concentration at times.

Forensic Evaluation at 4. Defendant was "mainly interested, largely engaged, and motivated to do well in the forensic evaluation." *Id.* Defendant also showed reliable short and long-term memory, and was able to describe his home life, family relationships, education, and work history. Forensic Evaluation at 2–3.

Defendant underwent a mini-mental examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition, and ability to recall. Forensic Evaluation at 5. Defendant scored 30/30 on the MMSE, which indicates he is not currently suffering from overall cognitive weaknesses, dementia, or memory problems. *Id.*

Defendant's understanding of the criminal proceedings also seems good. Defendant "is definitely able to grasp the legal concepts and terms," understands the nature of his arrest and charges, knows the name of his attorney and judge, and can explain the difference between a misdemeanor and a felony. Forensic Evaluation at 6. Defendant is also willing to talk openly in English and has expressed a desire to work alongside his attorney in preparing a legal defense. *Id.*

It is noteworthy that Defendant was previously diagnosed with Schizoaffective Disorder; Alcohol Disorder; Adult Anti-Social Behavior; Social Exclusion or Rejection; Target of (Perceived) Adverse Discrimination or Persecution; Nonadherence to Medical Treatment; Low Income; and Incarceration in Corrections. Forensic Evaluation at 7. Defendant has received mental health treatment since 2011 at Guam Behavioral Health and Wellness Center ("GBHWC"), and Defendant states that he received mental health treatment prior to beginning treatment at GBHWC. Forensic Evaluation at 3–4. Defendant is currently taking both anti-

psychotic and mood stabilizer medications. Forensic Evaluation at 3. Defendant is currently clinically stable. Forensic Evaluation at 6.

Dr. Rapadas previously evaluated Defendant in Superior Court of Guam Criminal Case Nos. CM0198-20, CF0152-20, and CM0098-20. Forensic Evaluation at 2. In two of Defendant's previous cases he was found competent and not lacking substantial capacity, and in one case he was found not guilty by reason of insanity ("NGRI"). *Id.* In the cases that Defendant was found competent, he was found to have diminished capacity during the criminal conduct. *Id.* Defendant notes that his previous three cases and his current case all occurred in a narrow time span and at the same Denny's restaurant. Digital Recording at 4:26:07–4:33:11 (Mot. H'rg. Mar. 22, 2022). Dr. Rapadas testified that there were no changes to Defendant's medications, regiment, or lifestyle between his last criminal cases and this case. Digital Recording at 3:56:16–4:07:25 (Mot. H'rg. Mar. 22, 2022). Defendant emphasizes that it is difficult to reconcile the fact that Dr. Rapadas found Defendant competent to stand trial in this case when he was found NGRI in a previous case. Digital Recording at 4:26:07–4:33:11 (Mot. H'rg. Mar. 22, 2022). Defendant further highlights the fact that all four cases happened between 2020 and the present, and all cases contain virtually identical criminal conduct at Denny's. *Id.* Prior to 2020, Defendant had no criminal record, and Defendant suggests that something occurred around that time that triggered his criminal behavior. *Id.* Thus, Defendant argues that because of the short time period between cases, lack of change in Defendant's circumstances, and similarity in criminal conduct, the Court should find Defendant not competent to stand trial. *Id.* Defendant reiterates that without any change in his circumstances

it is incomprehensible that Dr. Rapadas found Defendant NGRI eighteen months ago but competent to stand trial in this case. *Id.*

The Court acknowledges Defendant's mental health struggles and the difficulty in reconciling the inconsistent outcomes of Defendant's cases. Even so, the Court agrees with the People's statement that "mental health waxes and wanes." Digital Recording at 4:33:18–4:33:04 (Mot. H'rg. Mar. 22, 2022). On September 29, 2020, Dr. Rapadas found that Defendant was competent to be proceeded against and did not lack substantial capacity in CM0198-20. Finding Re Mental Capacity and Decision and Order to Transfer to Mental Health Court at 3, Jan. 29, 2021. On December 17, 2020, Dr. Rapadas stated in his Forensic Evaluation for CF0152-20 and CM0098-20 "after more further record review and further interviewing time with Mr. Billyos, it is my current opinion that [Defendant] did lack substantial capacity to know and understand his conduct was wrongful and to control his actions because of his chronic mental illness and constant noncompliance of his treatment." *Id.* at 3–4. The parties stipulated that Defendant did not have substantial capacity in all three cases and the Court ordered the cases transferred to Mental Health Court. *Id.* at 4–5. However, the Mental Health Court remanded the cases to the assigned judge for further disposition because of the inconsistencies in Dr. Rapadas's evaluations and testimony. Order Transferring Case to Assigned Judge, June 4, 2021. Following the remand, Dr. Bellis evaluated Defendant in CM0198-20, CF0152-20, and CM0098-20. Forensic Evaluation at 1, Aug. 23, 2021; Forensic Evaluation at 1, Aug. 23, 2021; and Forensic Evaluation at 1, July 26, 2021. In all three cases, Dr. Bellies found Defendant competent. Forensic Evaluation at 3, Aug. 23, 2021; Forensic Evaluation at 3, Aug. 23, 2021; and Forensic Evaluation at 4, July 26, 2021.

Consequently, after reviewing the record and considering Defendant's previous cases, the Court finds that in all four of Defendant's cases there are discrepancies as to whether Defendant was competent to stand trial and lacked substantial capacity. The conflicting findings between cases—and sometimes in one case—illustrate that Defendant's mental health is subject change, even when there is not a change in circumstances or an explanation for the change. Dr. Rapadas testified that Defendant was in control when he made the decision to go to Denny's. Digital Recording at 3:56:16–4:07:25 (Mot. H'rg. Mar. 22, 2022). He explained there is a "middle ground of control;" Defendant knew that he was not supposed to go to Denny's but he still went to Denny's. *Id.* Dr. Rapadas also stated that Defendant has the ability to control his urges and refrain from going to Denny's. *Id.* Likewise, Dr. Rapadas concluded that Defendant was competent and did not lack substantial capacity. *Id.* Accordingly, while Defendant may have been found NGRI in the past, the Court finds based on Dr. Rapadas's testimony and Forensic Evaluation that Defendant is competent to be proceeded against and to be sentenced. As Dr. Rapadas laid out in his report, Defendant is currently not experiencing any psychotic symptoms. Defendant can also engage in conversation with his attorney, process any legal advice he may provide, and help plan a defense strategy. This ability—combined with Defendant's strong MMSE test result—demonstrates that Defendant has no major cognitive weaknesses or mental illness preventing him from assisting in his defense.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

- Defendant is currently competent to stand trial in Superior Court of Guam Criminal Case No. CM0049-22.

- Defendant can make any diminished capacity defense he may have at trial.

SO ORDERED, this ___4___ day of ___April___ 2022.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam